## JOE D. YEARGAIN, Sr., v. STATE.

No. A-10146.    April 21, 1943.

(136 P. 2d 696.)

O. F. Mason, of Miami, and Hal Johnson, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Charles C. Chesnut, Co. Atty., of Miami, for defendant in error.

PER CURIAM.  Defendant, Joe D. Yeargain, Sr., was charged in the county court of Ottawa county with the crime of unlawful possession of intoxicating liquor, to wit; seven pints and four half pints of whisky; was tried, convicted and sentenced to pay a fine of $250 and to serve 90 days in the county jail, and has appealed.

For reversal of this case, it is contended:

First, that the evidence is insufficient to sustain the judgment and sentence, and that the court erred in re-

fusing to sustain a demurrer to the evidence, and to direct a verdict of not guilty.

Second, that certain incompetent, irrelevant and immaterial evidence was permitted to be introduced, and that the court refused to admit certain competent, material and relevant testimony offered by defendant.

Third, that the court erred in giving certain instructions to the jury over the objection and exception of defendant.

This case arose by reason of the search of a barbershop in the city of Miami, known as the Yeargain Barber Shop, and also as the Elite Barber Shop, on the 14th day of December, 1941, at which time seven pints and four half pints of whisky were found in a safe, the safe being opened after the officers arrived by Joe Yeargain, Jr., son of the defendant.

Defendant, Joe D. Yeargain, Sr., was present at the time the search was conducted. He was sitting in a barber chair and the search warrant was served on him by the officers.

It was the contention of the state that defendant, Joe D. Yeargain, Sr., was operating the barbershop, and the defendant contended that he had no interest therein, but that the business was being operated by his two sons, Joe D. Yeargain, Jr., and Claybe Yeargain.

The building was about 65 feet deep, and there was a partition located therein. The barbershop was in the front 25 feet, and the Yeargains operated a taxicab service in the rear of the building.

It is unnecessary to give a detailed statement of the evidence with reference to the ownership of the property and the barbershop. There is a direct conflict in this

testimony, and we have come to the conclusion that there was sufficient evidence for this question to be submitted to the jury for consideration. The defendant testified that he had no interest in the business, but that it was being operated by his two sons, as above mentioned. The three city officers testified that it was known as "Yeargains Barber Shop"; that they had seen the defendant there on many occasions, and had seen him with keys to the premises, and that on the date of the search, after defendant's arrest, he took from his pocket certain keys and money and handed the same to his son Joe Yeargain, saying: "Here is the barbers' change and the keys to the place." Three officers testified that they heard the defendant make this statement. He denied making it. One of the officers testified that he had seen the defendant open the safe where the liquor was found.

This evidence, together with the other circumstances, was for the consideration of the jury, and they, seeing the witnesses, and observing their demeanor on the witness stand, were in a better position to judge the truth of the testimony given by the witnesses. It has often been held by this court that the verdict of the jury will not be set aside when there is a conflict in the evidence, and the evidence of the state is sufficient to sustain the same. It is only when the evidence is insufficient to sustain the judgment and sentence that the case will be reversed.

Defendant's second assignment of error was with reference to certain testimony of the chief of police of the city of Miami. He testified as follows:

"Q. You know for what purpose this liquor was there? A. I suppose, to be sold. Q. Do you know that of your own personal knowledge? A. Yes, sir. Q. Do you know that? A. Yes, sir, they have been selling liquor

right along. Mr. Mason: I move to strike the 'right along.' The Court: Overruled. Mr. Mason: Exception."

This evidence was inadmissible, and was a conclusion on the part of the witness, and should have been stricken from the record by the court. Counsel for defendant asked the question, and the exception to the testimony without a motion to strike and that the jury be instructed not to consider the same, was hardly sufficient to raise the question, and if this was the only error, would not justify a reversal of this case.

During the trial, and while the defendant was upon the witness stand, he was questioned with reference to a certain note he testified he had received and had refused to give the name of the party who wrote the note. The following occurred in the presence of the jury:

"Q. Who was this man who offered to take the jolt? A. Joe, Jr. Q. The man that wrote you the note? A. I'll never tell. Q. You refuse to tell? A. No, I wouldn't tell. I would go to jail or hell before I'd tell. Mr. Pickens: Your honor, that is contempt of court. I would like him to tell the court and jury who it was that wrote that note.—At any rate the county attorney's office,— Mr. Mason: That is objected to as incompetent, irrelevant and immaterial, and not competent to the testimony in this case. The Court: I think it might be worth more to the state this way. Motion denied and objection sustained. Mr. Pickens: Exception."

This statement by the court was improper. The jury could very easily infer therefrom that it was the desire of the court that the state should prevail in this case. It is the duty of the trial court to so guard his remarks in the presence of the jury that they may not know what his views are as to the guilt or innocence of the defendant.

The question at issue in this case was whether the defendant, Joe D. Yeargain, Sr., was the owner, or had

control of the premises where the liquor was found. The defendant offered in evidence a certificate issued by the State Board of Barber Examiners, and signed by the county superintendent of health covering the period here in question. This certificate was as follows:

"$3.00      State Board of Barber Examiners

To All To Whom These Presents May Come, Greetings:

KNOW YE, THAT—Joe Jr. and Claybe Yeargain—of Miami, Oklahoma, having paid a fee of $3.00 therefor, is hereby granted pursuant to the authority of House Bill 23, Laws 1931, a

Barber's Annual Permit

to conduct and maintain a barber shop in accordance with the rules and regulations of the State Board of Barber Examiners, at Miami, Street No. 14 S. Main, County of Ottawa, State of Oklahoma.

This License is Non-Transferable

Dated at Miami, County of Ottawa, State of Oklahoma.

This 3 day of July, 1940.

R. H. Duewall, M.D.
County Superintendent of Health.

Post in a Conspicuous Place."

The court refused to permit the defendant to offer this certificate in evidence, saying: "I don't think that proves anything in this case. Objection sustained." To which Mr. Mason took an exception.

With the issue as it was in this case, we are of the opinion that the certificate of the Barber Board was admissible. It was not conclusive, and the state could have contested it in any way, showing that defendant was the actual owner, or in possession of the premises; but de-

fendant was entitled to introduce it as a circumstance to be considered by the jury in his behalf.

The third assignment of error has reference to instructions Nos. 5 and 6. Instruction No. 5 was, in part, as follows:

"On the other hand, Gentlemen of the Jury, if you fail to find to your satisfaction beyond a reasonable doubt that the defendant is not guilty as charged in the information, it would be your duty to bring in a verdict of not guilty."

It is clear that there is a typographical error in this instruction. The word "not" has evidently been placed therein. With the "not" left in this instruction it could easily be contended that the burden of proof was placed upon the defendant instead of upon the state.

Instruction No. 6 was as follows:

"Gentlemen of the jury, you are instructed in this case that the state does not have to prove to your satisfaction beyond a reasonable doubt that the defendant was the owner of the premises in question. It is sufficient if the state prove to your satisfaction beyond a reasonable doubt that the defendant had possession or control of any part of the premises where the barber shop in question was located."

This instruction was unnecessary in the determination of the issues in this case. The first half of the instruction is true as an abstract proposition. The second part could easily tend to confuse the jury. Under this part of the instruction, the jury could have come to the conclusion that the defendant did not have either the possession or control of the back part of the building where the taxicab was being operated, and therefore had no control or possession of the safe where the liquor was found, yet if he operated as owner, or that he had con-

trol or possession of that part of the building actually operated as the barbershop, he would be guilty as charged. This instruction is misleading and should not have been given.

It is unnecessary to discuss any further questions presented in this case. We are of the opinion that the judgment and sentence of the county court of Ottawa county should be reversed and the case remanded for a new trial, and it is so ordered.

DOYLE, J., concurs. JONES, P. J., concurs in conclusion.