## ROY HARRELL v. STATE.

No. A-10775.    Dec. 10, 1947,

(187 P. 2d 676.)

294

C. B. Wood and A. O. Manning, both of Fairview, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., and Ollie G. Gleason, County Atty., Major County, of Fairview, for defendant in error.

BAREFOOT, P. J. Roy Harrell was charged in the county court of Major county with the offense of unlawful possession of intoxicating liquor for the purpose of sale; was tried, convicted, and his punishment fixed at 30 days in the county jail, and a fine of $50. From this judgment and sentence he has appealed.

The defendant sets out three specifications of error, and then states that the assignments can be grouped and presented under one specification—that to present them separately would only result in repetition.

The assignment of error complained of is:

"That the court erred in making prejudicial statements to the jury after the cause had been closed and fully argued by both sides, by orally instructing the jury that the court did not want a seven-minute verdict in this case."

The record discloses that after the case had been concluded, the jury instructed and the case finally closed, the court admonished the jury, as they were being placed in the custody of the bailiff: "I do not want any seven-minute verdict in this case."

The defendant filed a motion for new trial, in which he set out as error the remarks of the court that he "did

not want any seven-minute verdict in this case"; and evidence was presented in support of the motion.

The record also shows that on the previous day, in a case involving the same offense, and on which three of the jurors in this case sat, the jury had returned a verdict of "not guilty" after being out only six minutes.

Attached to the motion for new trial was an affidavit by one of the jurors who had been a member of the previous jury, and in this affidavit it was stated:

"From the statement of the court, it was understood that the court was dissatisfied with the verdict of not guilty in the case of Oklahoma v. Raymond Unwin, and that he wanted a verdict of guilty in the case on trial."

The trial court made a statement, attempting to explain his remark, and the reason therefor, stating that he only intended to inform the jury that his instructions were not in the order they should be, and that it would, therefore, take a longer time to consider them. But no such explanation was given the jury, and we are of the opinion that the statement was such that it could have, and probably did, convey to the jury the thought as expressed in the affidavit of the juror.

Jurors are easily influenced by the remarks of a trial judge, and the greatest care should be observed that nothing is said that can by any possibility be construed as an expression of the court's views respecting the merits of a criminal case. Courts cannot be too circumspect in their efforts to avoid allowing jurors to discover the opinion of the judge as to the weight of the evidence, or the guilt or innocence of a defendant. Garrett v. State, 74 Okla. Cr. 78, 123 P. 2d 283; Yeargain v. State, 76 Okla. Cr. 356, 136 P. 2d 696; Hill v. State, 76 Okla. Cr. 371, 137 P. 2d 261.

We have not overlooked the rule, often announced by this court, that a juror will not be permitted to impeach the verdict by affidavit after the verdict has been returned; but from a careful examination of the record in this case, we cannot escape the conclusion that the defendant was prejudiced by the remarks of the trial court, and that the judgment in this case cannot be permitted to stand; and, this altogether without regard to the affidavit of the juror, and without regard to the merits of the question of the guilt or innocence of the defendant. It is our opinion that the statement of the trial court was clearly prejudicial to the rights of the defendant, and prevented that fair and impartial trial contemplated by the law.

The judgment and conviction is therefore reversed.

JONES and BRETT, JJ., concur.