## Ex parte LEWIS.

No. A-11427.   Oct. 11, 1950.

(223 P. 2d 143.)

Bill Edward Lewis, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

POWELL, J.   Bill Edward Lewis filed in this court petition for writ of habeas corpus, seeking his release from the State Penitentiary, where he is confined by reason of a judgment and sentence of the district court of Tulsa county, entered September 28, 1949, wherein he was sentenced to a term of five years.

The petition was prepared without the aid of counsel, and since this court has often held that a petition for writ of habeas corpus prepared by an inmate of the penitentiary will be liberally construed, Ex parte Cassidy, 83

Okla. Cr. 159, 174 P. 2d 271; Ex parte Walker, 84 Okla. Cr. 190, 180 P. 2d 670, and cases cited, we issued a rule to show cause why the writ should not be issued, assigning the petition for hearing on June 28, 1950. At that time the Attorney General interposed a demurrer to the petition, on the grounds that the allegations of the petition were not sufficient to show that petitioner was entitled to have the writ issued, and that the same did not state facts sufficient to entitle the petitioner to any relief.

We have carefully examined the petition, together with the letters written by petitioner, and the exhibits. It is an attempt to have this court review by habeas corpus the fact surrounding the trial of petitioner. Petitioner alleges that the crime charged was attempted robbery with fire-arms, and that he was represented by counsel at his trial. No appeal was taken. Petitioner does not submit a transcript of the evidence taken in the district court, and copies of the information, judgment and sentence are not attached. The petition is not verified, as required by our procedure, but the affidavit is signed by petitioner, followed by the statement, "Administrative difficulties." Petitioner alleges that his attorney failed to protect his rights, and that by reason of the bias and improper remarks of the trial court, he was prevented from having a fair and impartial trial, and that "such action on the part of the trial court stripped said trial court of jurisdiction." There is nothing in the petition to show that the trial court did not have jurisdiction of the accused, of the crime charged, and to enter the judgment, or that he exceeded his authority in any way. It is well settled that the Criminal Court of Appeals in a habeas corpus proceeding will not look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure or errors of

law on questions over which the court had jurisdiction. Ex parte Stevens, 82 Okla. Cr. 232, 168 P. 2d 136.

In support of his allegation that he was denied a fair trial petitioner filed two affidavits, by jurors who heard his case, in which they state that the actions and remarks of the trial court caused them to agree to a verdict of guilty, after the jury had several times reported to the court that they could not agree. This court has held that a verdict cannot be impeached by the affidavit or testimony of a juror showing misconduct on his part in arriving at a verdict. Harrell v. State, 85 Okla. Cr. 293, 187 P. 2d 676; Martin v. State, 92 Okla. Cr. 182, 222 P. 2d 534.

Where a petition for writ of habeas corpus is filed, the burden is on the petitioner to sustain the allegations of the petition, and where this is not attempted, the petition will be denied. Ex parte Tucker,. 91 Okla. Cr. 391, 219 P. 2d 245; Ex parte George, 83 Okla. Cr. 99, 173 P. 2d 454.

The errors urged by petitioner, even if true, could only be presented on appeal, and this court is precluded from going into the matters set out in a habeas corpus proceeding.

The demurrer of the respondent is sustained, and the writ denied.

JONES, P. J., and BRETT, J., concur.