Michael Wayne GREEN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. PC–90–113.

Court of Criminal Appeals of Oklahoma.

Aug. 31, 1994.

Karin Johnson Chatfield, Tulsa, David Gottlied, for appellant, at Post–Conviction Hearing.

Don Roberts, Dist. Atty., Neil Whittington, Asst. Dist. Atty., McAlester, for the State, at Post–Conviction Hearings.

William C. Devinney, Don J. Gutteridge, Jr., Oklahoma City, for appellant, on Appeal.

Susan Brimer Loving, Atty. Gen., A. Diane Blalock, Asst. Atty. Gen., Oklahoma City, for appellee, on Appeal.

## OPINION

JOHNSON, Vice Presiding Judge:

Michael Wayne Green, appellant, was convicted in Pittsburg County District Court Case No. CRF–81–120 of First Degree Murder and sentenced to death. The case arouse out of the brutal stabbing death of inmate Arthur Lynn Mosier at the McAlester State Penitentiary on September 5, 1980. His conviction was affirmed by this Court in *Green v. State*, 713 P.2d 1032 (Okl.Cr.1985). The Supreme Court of the United States denied his petition for writ of certiorari in *Green v. Oklahoma*, 479 U.S. 870, 107 S.Ct. 241, 93 L.Ed.2d 165 (1986). Appellant's application for post-conviction relief was denied by the District Court of Pittsburg County on January 3, 1990. From that denial, appellant has appealed to this Court.

■ In his first assignment of error, appellant alleges he was denied due process of law when the State failed to notify the defense of the change in Dr. Bellamy's testimony. Appellant additionally submits that the change in Dr. Bellamy's opinion testimony was improper, in and of itself, as it was not based upon facts or data reasonably relied upon by experts in his field. These issues were not raised on direct appeal. However, both issues were available to appellant under the existing law at the time of his direct appeal. *See Wing v. State*, 490 P.2d 1376, 1382 (Okl.Cr.1971); 12 O.S.1981, § 2703. Matters which have or could have been raised on direct appeal, but were not, will not be considered in post-conviction proceedings. *Coleman v. State*, 693 P.2d 4, 5 (Okl.Cr.1984).

■ Appellant further contends that he should have been provided funds to pay for expert assistance. Although this allegation was not raised on direct appeal, we note that *Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), constitutes a subsequent intervening change in the law. Thus, we will address this issue. This Court has found that the holding in *Ake v. Oklahoma* does extend to "include any expert which is 'necessary for an adequate defense.'" However, a defendant must be able to demonstrate a need for that expert to the trial court or substantial prejudice from the lack of such expert. *Ake v. State*, 778 P.2d 460, 464 n. 1 (Okl.Cr.1989). *See also Tibbs v. State*, 819 P.2d 1372, 1376 (Okl.Cr.1991). Appellant has failed to make such a demonstration.

Appellant never made any attempt to obtain expert assistance at State expense, either prior to or during trial. Furthermore, we cannot say appellant has demonstrated substantial prejudice from the lack of expert assistance. Appellant argues expert testimony demonstrating that only one weapon, rather than two, would have totally discredited eyewitness testimony. Combining this testimony with an alibi defense, appellant asserts he stood a good chance of winning the case in the guilt/innocence stage. We disagree as such testimony would have merely cast doubt on the State's witnesses. *See Tibbs*, 819 P.2d at 1376. Therefore, this assignment of error must fail.

■ In his second proposition of error, appellant submits he is entitled to a new trial based upon newly discovered evidence. The Court thoroughly addressed this issue on direct appeal. *Green*, 713 P.2d at 1037. Accordingly, this issue is *res judicata* and will not be considered again. *Coleman*, 693 P.2d at 5.

In seven of the remaining assignments of error [1], appellant raises numerous issues relating to the sentencing phase of the trial. This Court need only address two of these issues as we find error in the second phase of trial which requires that the death sentence be vacated and that the matter be remanded to the district court for resentencing.

■ We first find that appellant's sentence of death violates the eighth and fourteenth amendments to the United States Constitution because the "heinous, atrocious, or cruel" aggravating circumstance was applied in an unconstitutionally vague and over broad manner. Although this issue was not previously raised by appellant, we note that *Maynard v. Cartwright*, 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), constitutes a subsequent intervening change in the law. Upon review, it is clear that the jury instruction given in the present case is identical to the instruction given in *Cartwright*. Therefore, the jury's finding of this aggravating circumstance must be invalidated.

■ When an aggravator is declared infirm, this Court clearly has the power to reweigh the remaining aggravating circumstances and mitigating factors. *Clemons v. Mississippi*, 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990). *See also Sochor v. Florida*, 504 U.S. ——, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992); *Stringer v. Black*, 503 U.S. ——, 112 S.Ct. 1130, 117 L.Ed.2d 367 (1992); *Parker v. Dugger*, 498 U.S. 308, 111 S.Ct. 731, 112 L.Ed.2d 812 (1991). In addition to the "heinous, atrocious, or cruel" aggravating circumstance, the jury in this case found that three other aggravating circumstances had been sufficiently proven. Under these circumstances, this Court would typically exercise its option to reweigh.

■ However, this is not a typical case as the second stage instructions and verdict forms failed to provide for the separate and individualized treatment of appellant and his co-defendant, Danny George Parker. *See Lockett v. Ohio*, 438 U.S. 586, 602, 98 S.Ct. 2954, 2963–64, 57 L.Ed.2d 973, 988 (1978); *Eddings v. Oklahoma*, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982). The jury was never initially instructed that they must consider and treat each defendant separately when determining the appropriate sentence. This problem was further intensified when a joint verdict form which set forth the aggravating factors was utilized. The jury could not find the existence of an aggravating factor for one of the defendants without finding it for the other. Moreover, appellant and Parker were represented jointly by Mr. George Zellmer and Mr. Richard Lerblance. The very nature of this joint representation precluded defense counsel from being able to effectively separate and distinguish appellant from co-defendant Parker during the sentencing stage of trial.

Under these circumstances, the remaining aggravating circumstances cannot be considered reliable. *See Mills v. Maryland*, 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988). Therefore, this Court has no alternative but to vacate the appellant's sentence of death and remand this case to the district court for resentencing. We do this very reluctantly.

In his ninth allegation of error, appellant contends that the hearing afforded him on his post-conviction application in district court was fundamentally unfair and did not comply with Oklahoma law. Appellant specifically submits that the trial court improperly limited the evidentiary hearing and failed to properly prepare complete findings of fact and conclusions of law. These issues were also raised in his motion to remand filed with this Court on March 16, 1992. On November 20, 1992, appellant's motion was partially granted and this matter was remanded to the district court of Pittsburg County for further findings of fact and conclusions of law in compliance with 22 O.S. 1981, § 1080 et seq. District Judge Anne Moroney complied with this Court's order on January 22, 1993. As a proper order has now been entered by the District Court, this issue need not be addressed any further.

■ Regarding appellant's contention that the district court improperly restricted evidence at the post-conviction hearing, we find no error. An evidentiary hearing is not man-

---

1. Propositions III, IV, V, VI, VII, VIII and X.

dated in all post-conviction proceedings. 22 O.S.1981, § 1083(b). In the instant case, an evidentiary hearing was granted for the limited purpose of addressing only certain allegations. Upon review, it is clear that those issues not presented at the evidentiary hearing could be fully addressed on the pleadings and record. Therefore, an evidentiary hearing on these specific issues was not required. *See Johnson v. State*, 823 P.2d 370 (Okl.Cr. 1991).

■ Appellant contends in his next assignment of error that other fundamental errors, including prosecutorial misconduct, require either a new trial or a new sentencing hearing. We need not address the issue of misconduct as it relates to the sentencing hearing as we have already determined that this matter should be remanded for resentencing. As to the allegation of prosecutorial misconduct during the guilt phase of trial, this issue was dealt with on direct appeal and rejected. *Green*, 713 P.2d at 1041. Appellant is merely attempting now to re-allege or enhance his former arguments of prosecutorial misconduct. As this issue was thoroughly reviewed on direct appeal, it will not be reviewed anew. *Stafford v. State*, 731 P.2d 1372, 1374 (Okl.Cr.1987).

In his final two assignments of error, appellant contends he was denied effective assistance of counsel in violation of his sixth, eighth and fourteenth amendment rights. Appellant basically divides this claim into two categories: (1) that the actions of the State, by and through its representatives, improperly interfered with counsel's ability to effectively represent appellant; and (2) that trial counsel's performance was deficient. Each of these categories contain multiple sub-propositions of error.

Those issues specifically relating to the sentencing phase of trial need not be addressed. Furthermore, the issue of ineffective assistance of trial counsel was dealt with on direct appeal and denied. *Green*, 713 P.2d at 1037. Upon review, it is clear that

the majority of these issues were either raised or could have been raised on direct appeal. These issues will not be reviewed anew as they are barred by *res judicata* or have been waived. *Stafford*, 731 P.2d at 1374. We need only address three sub-propositions.

First, appellant contends the State's failure to produce evidence improperly interfered with trial counsel's performance. For this sub-proposition, appellant incorporates the same legal authorities presented in his "Request for Discovery and Interim Protective Order" filed with this Court on March 5, 1992. Appellant maintains the State has improperly withheld exculpatory evidence. However, appellant's contention is nothing more than a bald assertion. Consequently, we find no merit to this allegation, and appellant's request for discovery is denied.[2]

Second, appellant points to the lack of expert assistance provided to aid him in his defense. Appellant maintains that the State's failure to provide funds to pay for expert assistance interfered with his counsel's ability to effectively represent him. Appellant further asserts trial counsel's performance was deficient because counsel failed to make a request for such assistance. Although *Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), constitutes a subsequent intervening change in the law, we find this issue does not affect our determination on direct appeal as appellant did not suffer substantial prejudice from the lack of such an expert. *See Tibbs*, 819 P.2d at 1376.

■ Third, as part of his contention that trial counsel's performance was deficient, appellant slips in an allegation that he was denied effective assistance of appellate counsel. He contends appellate counsel was ineffective because counsel failed to raise two specific issues: (1) that trial court improperly failed to instruct on the lesser included offenses as shown by the evidence; and (2) that the second stage verdict forms improp-

---

2. Of course, appellant may be entitled to some of the information herein requested for purposes of resentencing. However, this issue is not ripe for review by this Court at this time. Rather, appellant may pursue such information through dis-

trict court by filing an appropriate discovery request pursuant to *Allen v. District Court of Washington County*, 803 P.2d 1164 (Okl.Cr. 1990).

erly denied him of his right to be considered separate and apart from co-defendant Parker.

We have already directly addressed the issue of the second stage verdict forms and found error requiring remand for resentencing. Therefore, any error from the failure to raise this issue on direct appeal has been cured. As to appellant's contention that the trial court improperly failed to instruct on the lesser included offenses, we find appellant has failed to demonstrate a reasonable probability that, but for counsel's alleged error, the result of the direct appeal would have been different. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).

Finally, appellant has not contended that appellate counsel was ineffective for its failure to raise any of the issues herein that we have now determined were waived for failure to raise on direct appeal. However, in order to avoid any doubt we have considered these issues, individually and in the aggregate, and conclude appellant received reasonably effective assistance of appellate counsel. *See Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

On the basis of the foregoing, appellant's sentence of death is VACATED and this matter is REMANDED to the district court for resentencing.

LANE and STRUBHAR, JJ., concur.

LUMPKIN, P.J., and CHAPEL, J., concur in result.

LUMPKIN, Presiding Judge, concurring in result:

I agree with the Court's statement of the law and record in this case. Therefore, the result reached is properly supported. However, this Court should not abdicate its authority and responsibility to adjudicate issues as a proper part of the appellate process. This is a case which presents a complete record, thus allowing the Court to reweigh the remaining aggravating circumstances against the mitigating evidence. We should not shirk this responsibility. I would reweigh in this case and determine the validity of the sentence of death.

The Court cites *Mills v. Maryland,* 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988). I continue to point out the Oklahoma sentencing process is distinctively different from that utilized in Maryland. Therefore, the utilization of a citation to *Mills* is limited in its application to the Oklahoma law and procedure for sentencing in a capital case.