1998 OK CR 20

**Roderick L. SMITH, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. PC–97–982.**

Court of Criminal Appeals of Oklahoma.

March 24, 1998.

Alexandra B. Fensterer, Terri L. Marroquin, Jeremy B. Lowrey, Oklahoma Indigent Defense System, Norman, for Petitioner on appeal.

## OPINION DENYING APPLICATION FOR POST-CONVICTION RELIEF

STRUBHAR, Vice Presiding Judge:

¶ 1 Petitioner, Roderick L. Smith, was charged with five counts of First Degree Murder in violation of 21 O.S.1991, § 707.7, in the District Court of Oklahoma County, Case No. CF–93–3968. The case was tried before the Honorable Richard W. Freeman. The State filed a Bill of Particulars alleging five aggravating circumstances. The jury found Petitioner guilty of the crimes charged and found all five alleged aggravating circumstances to exist.[1] In accordance with the jury's recommendation, Petitioner was sen-

---

1. The jury found the following aggravating circumstances to exist:

   1) The defendant was previously convicted of a felony involving the use or threat of violence to the person;

   2) The defendant knowingly created a great risk of death to more than one person;

   3) The murders were especially heinous, atrocious or cruel;

   4) The murders were committed for the purpose of avoiding or preventing a lawful arrest or prosecution (except as to Jennifer Smith); and

   5) The existence of a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society.

tenced to death on all counts. Petitioner appealed this Judgment and Sentence to this Court and we affirmed both in *Smith v. State,* 1996 OK CR 50, 932 P.2d 521, *cert. denied,* —— U.S. ——, 117 S.Ct. 2522, 138 L.Ed.2d 1023 (1997). Petitioner subsequently filed with this Court an application for post-conviction relief.

¶ 2   Under the Post–Conviction Procedure Act, the only issues that can be raised on post-conviction are those that "[w]ere not and could not have been raised in a direct appeal ... and ... [which] [s]upport a conclusion either that the outcome of trial would have been different but for the errors or that the defendant is factually innocent." 22 O.S.Supp.1995, § 1089(C)(1) and (2). On review, this Court will determine: "(1) whether controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist; (2) whether the applicant's grounds were or could have been previously raised; and (3) whether relief may be granted...." 22 O.S.Supp.1995, § 1089(D)(4)(a). Further, this Court will not consider issues which were raised on direct appeal and are barred by res judicata, or issues which have been waived because they could have been, but were not, raised on direct appeal. *Cannon v. State,* 1997 OK CR 13, 933 P.2d 926, 928.

¶ 3   In Proposition I, Petitioner claims he was denied a fair trial because the prosecutor improperly withheld information regarding his mental disability that would have been helpful to his defense. This issue could have been raised on direct appeal, but was not. Accordingly, the claim is waived and barred from review under section 1089(C). Petitioner also contends his trial counsel was ineffective because he failed to investigate available information which cast doubt on Petitioner's competence. Claims of ineffective assistance of trial counsel are appropriate under the capital post-conviction procedure statute only if they require factfinding outside the direct appeal record. 22 O.S.Supp.1995, § 1089(D)(4)(b)(1). Petitioner has not demonstrated that the information giving rise to his claim of ineffective trial counsel was not available to his appellate counsel. Accordingly, this claim must fail.

*See Walker v. State,* 1997 OK CR 3, 933 P.2d 327, 332, *cert. denied,* —— U.S. ——, 117 S.Ct. 2524, 138 L.Ed.2d 1024 (1997).

¶ 4   In his second proposition, Petitioner argues he was deprived of his right to due process because the prosecution committed deliberate acts of misconduct, including misstating the facts of the case and the date that the homicide occurred. Again, because this issue could have been raised on direct appeal, but was not, we find it is waived and barred from review under section 1089(C).

¶ 5   It is argued in Proposition III, that trial counsel was ineffective for failing to adequately understand, investigate, develop and present evidence of Petitioner's brain dysfunction. He claims that his trial counsel's shortcomings rendered the defense experts' testimony prejudicial and futile to his defense during both stages of trial. The information upon which Petitioner has relied in raising this claim required no "factfinding outside the direct appeal record." 22 O.S.Supp.1995, § 1089(D)(4)(b)(1). Stated otherwise, because the facts generating this claim were available to Petitioner's appellate counsel and could have been used in his direct appeal, this claim of ineffective assistance of trial counsel is barred from review. *See Walker,* 933 P.2d at 332.

¶ 6   Petitioner goes on to assert that if this Court finds this claim of ineffective assistance of trial counsel could have been raised on direct appeal, the Court should also find that his appellate counsel was ineffective for failing to raise it. Under the Post–Conviction Procedure Act, a claim of ineffective assistance of appellate counsel is not procedurally barred if

> it is a claim contained in an original timely application for post-conviction relief relating to ineffective assistance of appellate counsel and the Court of Criminal Appeals first finds that if the allegations in the application were true, the performance of appellate counsel constitutes the denial of reasonably competent assistance of appellate counsel under prevailing professional norms.

22 O.S.Supp.1995, § 1089(D)(4)(b)(2). Applying these statutory guidelines, this Court recently held:

> [T]he threshold inquiry is (1) whether appellate counsel actually committed the act which gave rise to the ineffective assistance allegation.... [T]he next question is (2) whether such performance was deficient under the first prong of the two-pronged test in *Strickland v. Washington.*[2] ... If a petitioner meets his or her heavy burden to prove deficient attorney performance, we may then consider the mishandled substantive claim. The question then becomes (3) whether such a claim meets the second prerequisite to capital post-conviction review.

*Walker,* 933 P.2d at 333 (footnotes omitted).

¶ 7 Because a review of the record reveals that the above mentioned issue was not raised by appellate counsel on direct appeal, Petitioner has made the threshold showing that counsel committed the act which gave rise to the ineffective assistance allegation. Having found such, we must now determine whether counsel's failure to raise this issue on direct appeal constitutes deficient performance.

■ ¶ 8 Petitioner presents no facts specifically supporting his allegation that appellate counsel was ineffective for omitting the above issue from his direct appeal. Conclusory allegations, standing alone, will never support a finding that an attorney's performance was deficient. *See Valdez v. State,* 1997 OK CR 12, 933 P.2d 931, 934. As Petitioner has failed to show his direct appeal attorney's performance was deficient under the first prong of the *Strickland* test, he has failed to establish ineffective counsel under this Court's test. Accordingly, this proposition of error must fail.

■ ¶ 9 In Proposition IV, Petitioner raises issues relating to his competency to stand trial. Petitioner contends that he was denied an opportunity to develop and present expert testimony concerning his competence to stand trial. He further contends that trial counsel was ineffective for failing to adequately litigate the issue of competency. We find that issues regarding Petitioner's opportunity to challenge his competency to stand trial could have been raised on direct appeal. As they were not, we find they are waived and barred from review under section 1089(C). We also find that the facts generating Petitioner's claim that his trial counsel was ineffective for failing to fully litigate his competency were available to Petitioner's appellate counsel and could have been raised in his direct appeal. Accordingly, this claim of ineffective assistance of trial counsel is barred from review. *See Walker,* 933 P.2d at 332.

■ ¶ 10 Petitioner also complains in his fourth proposition that this Court's direct appeal review of the issues raised regarding his competency to stand trial without remand for an evidentiary hearing failed to remedy the errors concerning the determination of his competency. On direct appeal, this Court acknowledged that in determining Petitioner's competency to stand trial, the trial court had unconstitutionally required Petitioner to prove his incompetence by clear and convincing evidence.[3] This Court reviewed the evidence presented at Petitioner's competency hearing and other relevant evidence contained within the record, and determined that the defense had failed to prove, even by a preponderance of the evidence, that Petitioner was incompetent to stand trial. *See Smith,* 932 P.2d at 527–28. Petitioner suggests on post-conviction that if this Court would have remanded the matter for an evidentiary hearing instead of resolving the errors by reviewing the evidence presented in the record on direct appeal, previously undisclosed facts impacting the competency determination could have been considered. That the evidence discovered on post-conviction would have been discovered and presented at an evidentiary hearing is speculative. Had Petitioner discovered this evidence and wanted it considered in his competency determination, it should have been raised on direct

---

**2.** 466 U.S. 668, 677–78, 104 S.Ct. 2052, 2059, 80 L.Ed.2d 674 (1984).

**3.** This burden of proof was held to violate due process in *Cooper v. Oklahoma,* 517 U.S. 348, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996).

appeal. As it was not, consideration of this evidence and any impact it may have had is barred from review.

¶ 11 Next, Petitioner argues in Proposition V, that his constitutional rights were violated because Oklahoma law does not provide for jury instructions on manslaughter due to mental disease or defect. Again, because this issue could have been raised on direct appeal, but was not, we find it to be waived and barred from review under section 1089(C).

¶ 12 In his sixth proposition, Petitioner complains that he was denied effective assistance of trial counsel because his attorney did not object or request a limiting instruction for prejudicial hearsay testimony regarding the history of domestic violence between Petitioner and the victims. This claim does not require fact-finding outside the direct appeal record as is required by section 1089(D)(4). Because Petitioner has not demonstrated that the information giving rise to this claim of ineffective trial counsel was not available to his appellate counsel, this claim is waived. *See Walker*, 933 P.2d at 332.

¶ 13 Petitioner contends in his seventh proposition that his trial counsel was ineffective for failing to challenge the constitutionality of the trial court's instruction on the capital sentencing option of life without the possibility of parole. Again, this claim does not require fact-finding outside the record as is required by section 1089(D)(4). Petitioner has not demonstrated that the information giving rise to this claim was not available to his appellate counsel, and accordingly, the claim of ineffective assistance of trial counsel must fail. *Id.*

¶ 14 He further claims, however, that he was denied effective assistance of appellant counsel because this issue was not raised by his attorney on direct appeal. Because a review of the record reveals that the above mentioned issue was not raised by appellate counsel on direct appeal, Petitioner has made the threshold showing that counsel committed the act which gave rise to the ineffective assistance allegation. Having found such, we must now determine whether counsel's failure to raise this issue on direct appeal constitutes deficient performance.

¶ 15 Petitioner is correct in his argument that appellate counsel could have raised this issue on direct appeal. However, he has not shown that counsel's failure to do so was unreasonable under prevailing professional norms. While appellate counsel has a duty to raise relevant issues for this Court's consideration, there is no obligation to raise all available non-frivolous issues. *Id.* at 334. The brief filed in Petitioner's direct appeal reflects that appellate counsel utilized the entire page allowance raising thirteen non-frivolous claims at least equally meritorious to that which was omitted and is at issue here. We cannot find that appellate counsel's omission of this issue rendered her performance unreasonable under prevailing professional norms. Accordingly, because Petitioner has not established that appellate counsel's performance was deficient, his claim is barred.

¶ 16 In Proposition VIII, Petitioner challenges the constitutionality of the legislative amendments to the Uniform Post–Conviction Procedure Act. This Court has examined the amended post-conviction act and found it to be constitutional. *Robinson v. State*, 1997 OK CR 24, 937 P.2d 101, 105. *See also Hatch v. State*, 1996 OK CR 37, 924 P.2d 284, 289–93. We continue to find the legislative amendments to the post conviction procedure act to be sound in light of both the federal and state constitutions. This proposition is without merit.

¶ 17 Petitioner argues in his ninth proposition that his death sentence should be vacated because the execution of mentally retarded persons is unconstitutional as it constitutes cruel and unusual punishment. Again, because this issue could have been raised on direct appeal, but was not, we find it to be waived and barred from review under section 1089(C).

¶ 18 In his tenth proposition Petitioner urges this Court to stay his execution pending the implementation of the policies recommended by the American Bar Association concerning the death penalty. This

Court has held that issue is not proper for consideration on post-conviction. *See Bryan v. State,* 1997 OK CR 69, 948 P.2d 1230, 1234. Accordingly, we do not consider it.

¶ 19 Finally, Petitioner contends the cumulative effect of errors in his case requires reversal. We have determined all complaints raised by Petitioner on post-conviction are waived. Having not reached the merits of these issues, we cannot consider their cumulative effect. This proposition is denied.

¶ 20 Having carefully reviewed Petitioner's application for post-conviction relief, request for evidentiary hearing and request for discovery, we find that Petitioner is not entitled to relief. The Application for Post–Conviction Relief, Request for Evidentiary Hearing and Request for Discovery are DENIED.

CHAPEL, P.J., and JOHNSON, J., concur.

LUMPKIN and LANE, JJ., concur in results.

LUMPKIN, Judge, concurring in results.

¶ 1 I concur, bases on *stare decisis,* in the discussion dealing with ineffective assistance of counsel. See *Walker v. State,* 933 P.2d 327, 341–344 (Okl.Cr.1997) (Lumpkin, J.: Concur in Results).

¶ 2 I have reviewed Petitioner's application, together with the argument and authority provided. In accordance with the criteria set out in *Braun v. State,* 937 P.2d 505, 511–514 (Okl.Cr.1997), I concur with the Court's decision that counsel's performance was not deficient and the underlying substantive claims sought to be raised by petitioner are procedurally barred.

¶ 3 In addition, it should be noted the criteria set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for evaluating effectiveness of counsel has been further explained in *Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Applying the *Lockhart* standard, the record is void of any evidence the trial was rendered unfair and the verdict rendered suspect or unreliable.

¶ 4 Petitioner's argument in his Motion for Evidentiary Hearing raised the claim of a procedural change in the law. However he fails to note that at this stage of the appellate process the Court has consistently applied the rules of *res judicata* and waiver, both prior to the 1995 amendment of the Death Post–Conviction Relief statutes and since its enactment. *See Castro v. State,* 814 P.2d 158 (Okl.Cr.1991); *Cargle v. State,* 947 P.2d 584 (Okl.Cr.1997). Further, in Subpart B of the Motion for Evidentiary Hearing, Petitioner asserts that "post-conviction petitioners are **now** to forced (sic) to bear procedural forfeitures based on a fairly persuasive **past** understanding by direct appeal attorneys that **extra record** materials, and investigation which might produce such materials, were not welcome on direct appeal. This understanding is reflected in much of the law governing direct appeals at the time Mr. Smith's counsel filed his brief in the instant case." (emphasis in original). This argument mischaracterizes the practices and procedures of this Court. The vehicle for bringing extra-record materials to the attention of this Court has always been available to appellate counsel. In the cases of newly discovered evidence, 22 O.S.1991, § 952, allows for the supplementation of the record. *See Wilhoit v. State,* 816 P.2d 545 (Okl.Cr.1991) (wherein first degree murder appellant filed with this Court a Motion for New Trial on Newly Discovered Evidence and Motion for Evidentiary Hearing Regarding New Evidence and Regarding Effectiveness of Trial Counsel. As per appellant's request, this Court remanded the case back to District Court to conduct an evidentiary hearing to determine whether appellant should be afforded a new trial based upon the newly discovered evidence and possible ineffective assistance of counsel. This Court adopted the findings of fact and conclusions of law of the District Court, denied the Motion for New Trial and reversed and remanded the case for a new trial.) Further, under our Court rules, Rule 3.11, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (1995), in effect at the time Petitioner filed his direct appeal, allows for supplementation of the record on appeal. Prior to 1996, Rule 3.11 allowed for the supplementation of the record

in cases of extreme necessity. While this may appear to be a stringent standard, it did not prevent counsel from presenting facts to this Court sufficient to prove a case of extreme necessity. However, then as now, applications for evidentiary hearings contain more speculations as to what is hoped will be discovered rather than facts which satisfy the threshold criteria to warrant an evidentiary hearing. Appellate counsel's failure to do so as a part of the direct appeal, and the resulting decision to raise the issue on post-conviction review is the root of the problem, not the applicability of our rules.

LANE, Judge, concurring in results.

¶ 1   I concur in results by reason of *stare decisis*. I maintain my disagreement with the majority in its interpretation of the new post-conviction relief statute as I expressed in *Conover v. State*, 1997 OK CR 39 ¶¶ 1–5, 942 P.2d 229, 234–35, (Lane, J., concur in result).