William Joseph LEE, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–858.

Court of Criminal Appeals of Oklahoma.

May 29, 1987.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

Thomas Purcell, Appellate Public Defender's Office, Norman, for appellant.

## OPINION

BUSSEY, Judge:

The appellant, William Joseph Lee, was convicted in the District Court of Tulsa County, Case No. CRF–84–161, of Armed Robbery After Former Conviction of a Felony, and sentenced to fifteen years' imprisonment. He appeals raising eight assignments of error.

On January 15, 1984, at about 7:30 p.m. the appellant, wearing gloves and a stocking cap, walked into Duff's Cafeteria in

Tulsa and robbed the cashier at gunpoint. The cashier estimated that he took between $1,100 and $1,400 and placed it in a bank bag. Hearing a call over the intercom, two male employees ran out of the building, saw a man running along the sidewalk, and chased the appellant who got into a light colored Ford LTD. The two observed the LTD back down the street with his headlights off, turn around, and drive away. Two security guards in a patrol unit heard a police broadcast concerning the robbery and saw an LTD backing rapidly from the strip shopping center next to Duff's. The LTD backed for a great distance with his headlights off. The guards decided to follow him and radioed their dispatcher to contact the police. Even though the area was icy, the LTD constantly increased the distance from the security car until the LTD ran off the road and into a utility pole. When the security car stopped, the appellant exited the LTD and ran back toward the security car, but was stopped by the guards. They testified that the appellant confessed to the robbery and claimed he had a partner who had the gun. An inspection of the LTD by the Tulsa police revealed a bank bag containing $1,099 in cash, gloves, a stocking cap, and a .25 caliber automatic handgun.

In his first assignment of error the appellant complains that the trial court refused to issue four of the subpoenas he requested. The appellant, who was representing himself, had filed a number of subpoenas, and the matter came before the trial court through a motion to quash. The court then inquired concerning the other witnesses whom the appellant had subpoenaed. After being told the substance of the testimony of thirty-two witnesses, whom the appellant intended to call, the judge quashed one subpoena and refused to issue three others, as the appellant could not explain how the evidence he wished to present was material to his defense. Concerning the witnesses which were excluded, their testimony as represented by the appellant would have been either irrelevant, or of such nominal relevance that its probative value was substantially outweighed by the danger of undue delay, or needless presentation of cumulative evidence. *See* 12 O.S.1981, §§ 2401, 2403. We do not find any error. Therefore this first assignment of error is meritless.

As his second assignment of error the appellant argues that he was prejudiced because he was forced to present his case from a particular section of the room, and because guards were present. During a pretrial hearing the trial court informed the appellant that he must stand underneath a ceiling microphone while addressing the jury or examining witnesses because there were holds on him from other jurisdictions. Guards were also present in the courtroom. Although the appellant objected to being restricted to one area of the courtroom, we do not find any objection to the presence of the guards. Maintaining peace, order and dignity in the courtroom is a proper exercise of judicial authority. *Roberts v. State*, 571 P.2d 129 (Okl.Cr. 1977). *cert. denied*, 434 U.S. 957, 98 S.Ct. 485, 54 L.Ed.2d 316 (1977). The appellant was charged with a serious crime involving the use of a firearm after former conviction of a felony, rape. Even though appellant has waived any error due to the presence of the guards by his failure to object, the presence of the guards was entirely proper under the circumstances. *See Roberts*, 571 P.2d at 135. Finding no abuse of discretion, this assignment of error is without merit.

The appellant next assigns as error the trial court's failure to give his requested instruction on impeachment. He claims that the failure to give this instruction when it is requested is reversible error and cites *Cloud v. State*, 41 Okl.Cr. 395, 273 P. 1012 (1929), and *Thomas v. State*, 13 Okl.Cr. 414, 164 P. 995 (1917). However, an examination of these two cases reveals that the errors involved failure to instruct the jury that the impeachment evidence could only be used to determine the believability of the witness and could not be used as proof of innocence or guilt. The appellant was trying to impeach the testimony of the security guards who arrested him by introducing reports filled out by the

guards. The reports did not mention some incriminating statements which the guards testified were made by the appellant immediately after they apprehended him. We note that the attempt at impeaching the security guards concerned a matter of omission in the reports, not contradictory statements. The guards testified to the substance of the matter contained in the written statements. Therefore the only way the jury could have improperly used the written statements were as substantive proof that the incriminating statements of the appellant were not made. Such an improper use would have benefited the appellant. Therefore, this assignment of error is meritless as the appellant has not shown that he was prejudiced by the failure to give the instruction. *See Ozbun v. State,* 659 P.2d 954 (Okl.Cr.1983).

■ In his fourth assignment of error the appellant alleges that he was prejudiced by the prosecutor's remarks during closing argument. Although the appellant never took the witness stand, he constantly made comments during cross-examination of witnesses, and injected matters not in evidence during his lengthy (one hundred pages of transcript) closing argument. The prosecutor objected frequently and the appellant was as frequently admonished by the court. The record shows that the few objectionable comments which were made by the prosecutor were invited by the conduct of the appellant. Under such circumstances, the improper comments of the prosecutor will not be grounds for reversal. *See Boomershine v. State,* 634 P.2d 1318 (Okl.Cr.1981). Additionally, because the evidence was overwhelming and because the appellant during the sentencing phase injected the comment that he had been offered fifteen years to plead guilty, which was the sentence the jury returned, we find no prejudice in the prosecutor's comments, and no merit in this assignment of error.

■ The appellant's fifth assignment of error contends that the State improperly raised the issue of pardon and parole during the second stage of the trial by reading the second page of the information which alleged that the appellant was convicted of

rape in the first degree on March 21, 1979, and sentenced to a term of fifteen to forty-five years. First, the statutes require the reading of the portion of the indictment or information relating to prior offenses during the punishment phase of a trial. 22 O.S.1981, § 860(b). Second, we have held that prior convictions may be properly proven by admission of certified copies of judgments and sentences, which all contain the date of sentence and the term of sentence. Finally, the appellant told the jury about his experiences with the pardon and parole system during his imprisonment in his second stage closing argument. We therefore find no merit to this assignment of error.

■ Next, the appellant asserts that the trial court erred by prohibiting certain questions to jurors during his motion for a new trial. The court denied the motion. The appellant was attempting to show that extraneous, prejudicial information had been improperly brought to the jury's attention. An examination of the record reveals that the appellant persisted in asking questions which are prohibited in 12 O.S. 1981, § 2606(B). That statute concerns inquiring into the validity of a verdict and provides that:

[A] juror shall not testify as to any matter or statement occurring during the course of the jury's deliberations or as to the effect of anything upon his or another juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes during deliberations. A juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror.

Because the appellant refused or was unable to ask the proper question, the judge asked two of the witnesses the question himself. On both occasions the appellant interrupted the answers. One witness did answer no in response to the court's question "Were you tampered with?" Accord-

ingly, we find no merit to this assignment of error.

◼ The appellant in his seventh assignment of error claims that the trial court improperly refused to hear his second motion for a new trial. When the appellant appeared for sentencing he claimed to have newly discovered evidence. The court informed the appellant that his motion was out of time, although he allowed the appellant to explain what the newly discovered evidence was. The appellant stated that he had a photograph showing that the articles portrayed in State's exhibit nine had been posed. Exhibit nine shows a money bag with bills protruding, a stocking cap turned inside out, and a glove, all on the floorboard of the driver's side of the appellant's vehicle. The appellant claimed that the glove and stocking cap were added later. After hearing this, the court continued with sentencing over the appellant's objection. The appellant then filed a motion with this Court for a writ of mandamus, which was denied as the issue could be raised during appeal. Accepting as factual the appellant's allegation that he has in his possession a photograph which shows only the money bag in the floorboard, the appellant has not met the test showing abuse of the trial court's discretion. The appellant has failed to show this Court how such a photograph if introduced at trial would have changed the results, as testimony of witnesses reveals the presence of all three of those articles in the position shown in State's exhibit number nine. Such a photograph would have been material to credibility only, and we have held that newly discovered evidence which goes to impeachment purposes only is not sufficient to warrant a new trial. *Marlow v. City of Tulsa*, 564 P.2d 243 (Okl.Cr.1977). We find no merit to this assignment of error.

◼ Finally, the appellant maintains that the trial court erred in sentencing him without a presentence investigation report having been prepared. The appellant cites *Smith v. State*, 594 P.2d 784 (Okl.Cr.1979) which holds that the provisions now codified in 22 O.S.Supp.1985, § 982 are mandatory, with four exceptions, none of which are applicable to the appellant. He claims

that because he was tried and convicted for Armed Robbery After Former Conviction of a Felony, that he was eligible for parole under 22 O.S.Supp.1985, § 991a. However, subsection B of that statute provides one of the exceptions to a mandatory presentence report. A defendant is not eligible under this statute for a suspended sentence where he is being sentenced upon a third or subsequent conviction of a felony. The appellant stipulated at trial that he was the same individual who on March 21, 1969 was convicted of rape, first degree, *after former conviction of a felony*. This Court affirmed the judgment and modified the sentence. *See Lee v. State*, 485 P.2d 482 (Okl.Cr.1971) and *Lee v. State*, 576 P.2d 770 (Okl.Cr.1978). As the conviction before us would be a third or subsequent felony, the appellant is not eligible for a suspended sentence under § 991a. The statute does not require that an appellant be convicted of a crime "After Former Conviction of Two or More Felonies." *See Williams v. State*, 628 P.2d 369 (Okl.Cr.1981). Being aware that the appellant had at least two prior convictions, the trial court correctly stated that the appellant was not eligible for probation.

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., not participating.