**Dion Athanasius SMALLWOOD, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. PC–96–1513.**

Court of Criminal Appeals of Oklahoma.

April 15, 1997.

Dora S. Roberts, Appellate Defense Counsel, Capital Post Conviction, Oklahoma Indigent Defense System, Norman, for Petitioner on appeal.

***OPINION DENYING ORIGINAL APPLICATION FOR POST–CONVICTION RELIEF, REQUEST FOR EVIDENTIARY HEARING, EXTENSION OF TIME AND MOTION FOR DISCOVERY***

LANE, Judge:

Petitioner Dion Athanasius Smallwood was tried by a jury and convicted of First Degree

Malice Murder and Third Degree Arson in Oklahoma County, Case No. CF–92–809. In accordance with the jury's recommendation, the Honorable Leamon Freeman, District Judge, sentenced Petitioner to death for the murder and fifteen (15) years and a $10,-000.00 fine for the arson. Petitioner's conviction was affirmed by this Court following his original direct appeal. *Smallwood v. State*, 907 P.2d 217 (Okl.Cr.1995). The United States Supreme Court denied his Petition for Writ of Certiorari. *Smallwood v. Oklahoma*, — U.S. ——, 117 S.Ct. 431, 136 L.Ed.2d 330 (1996).

In accordance with the recent amendments to the Uniform Post–Conviction Procedure Act, 22 O.S.Supp.1995, § 1089(D)(1), Petitioner filed his Original Application for Post–Conviction Relief on October 4, 1996.[1] In this first application for post-conviction relief, Petitioner raises four propositions of error. Our consideration of these claims will be strictly limited by the statutory rules which establish our authority in post-conviction matters. 22 O.S.Supp.1995, § 1080, et seq.

■ We reiterate here the narrow scope of review available on collateral appeal. The Post–Conviction Procedure Act was neither designed nor intended to provide petitioners with another direct appeal. *Fowler v. State*, 896 P.2d 566, 569 (Okl.Cr.1995); *Fox v. State*, 880 P.2d 383, 384 (Okl.Cr.1994), *cert.denied*, 514 U.S. 1005, 115 S.Ct. 1318, 131 L.Ed.2d 199 (1995). The Post–Conviction statutes have never provided applicants with more than very limited grounds upon which to attack their final judgments. Accordingly, post-conviction claims which could have been raised in prior appeals but were not are generally considered waived. *Moore v. State*, 889 P.2d 1253, 1255–56 (Okl.Cr.), *cert.denied*, — U.S. ——, 116 S.Ct. 215, 133 L.Ed.2d 146 (1995); *Johnson v. State*, 823 P.2d 370, 372 (Okl.Cr.1991), *cert.denied*, 504 U.S. 926, 112 S.Ct. 1984, 118 L.Ed.2d 582 (1992). Post-conviction claims which were raised and addressed in previous appeals are barred by *res judicata*. *Moore*, 889 P.2d at

1255; *Walker v. State*, 826 P.2d 1002, 1005 (Okl.Cr.), *cert.denied*, 506 U.S. 898, 113 S.Ct. 280, 121 L.Ed.2d 207 (1992). These procedural bars still apply to claims raised under amended Section 1089. However, under the amended statute, only those capital post-conviction claims that were not and could not have been raised on direct appeal will escape being waived or barred by *res judicata*. 22 O.S.Supp.1995, § 1089(C)(1).

■ The statute specifically and narrowly defines a post-conviction claim which could not have been raised on appeal as either (1) an ineffective assistance of trial or appellate counsel claim that meets the statutory definition of ineffective assistance of direct or appellate counsel,[2] or where (2) the legal basis of the collaterally asserted claim

> (a) was not recognized by or could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state . . . or (b) is a new rule of constitutional law that was given retroactive effect by the United States Supreme Court or a court of appellate jurisdiction of this state. . . .

22 O.S.Supp.1995, § 1089(D)(9)(a) & (b). Assuming a post-conviction claim is not procedurally barred and falls within one of the above referenced categories, Petitioner's claims will only be afforded collateral review if, in addition to meeting the initial criteria, "they support a conclusion either that the outcome of the trial would have been different but for the errors or that the Petitioner is factually innocent." 22 O.S.Supp.1995, § 1089(C)(2). Recognizing the legislature's intent to honor and preserve the legal principle of finality of judgment, we will narrowly construe the post-conviction amendments to reflect that intent.

■ Petitioner claims as his first proposition of error that extraneous and inaccurate information was used by the jury in deter-

---

1. While Petitioner's application was not filed within the time limits specified in § 1089(d)(1), it was timely filed in accordance with the briefing schedule set up by this Court in *Sahib Al–Mosawi et al. v. State*, 929 P.2d 270 (Okl.Cr.1996).

2. 22 O.S.Supp.1995, § 1089(D)(4)(b)(1) & (2).

mining that death was the only appropriate sentence for Petitioner. Petitioner admits this same argument was raised on direct appeal, but claims there are newly discovered facts submitted in support of this argument. In support of his allegation that the jury was confused, Petitioner attaches to his application two affidavits, one from a trial juror and the other signed by some unidentified individual whose connection with this case is unclear.

Despite his claim that the information now provided is "newly discovered", Petitioner presents no evidence to suggest that the information could not have been discovered and the claim raised on direct appeal. It appears that the facts contained in the juror interviews were available to Petitioner's direct appeal attorney and thus could have been presented on direct appeal. There is no evidence to suggest that the jurors who were interviewed for Petitioner's post-conviction appeal were unwilling or unavailable to provide these same interviews at the time of Petitioner's direct appeal. As such, there is nothing indicating this claim required factfinding outside of the record, and the claim is not properly raised in this post-conviction application. Proposition I does not meet the first prerequisite to post-conviction review and is therefore denied. Petitioner's claim is waived.

As an aside, Petitioner claims that should we find that the error was not preserved due to trial counsel's failure to object to the trial court's refusal to answer the jury question, this in itself surely constitutes ineffective assistance of trial counsel. Failure to investigate and raise the issue on direct appeal, he then alleges, constitutes ineffective assistance of appellate counsel.

 Under the strict terms of the new statute, an ineffective assistance of trial counsel claim could not have been raised on direct appeal if it requires "factfinding out-

side the direct appeal record,...." *Walker v. State*, 933 P.2d 327 (Okl.Cr.1997); 22 O.S.Supp.1995, § 1089(D)(4)(b)(1). Ineffective assistance of trial counsel claims are properly raised and may only be considered on post-conviction if they are based upon facts which were not available to Petitioner's direct appeal attorney and therefore *could not* have been made part of the direct appeal record. *Walker*, 933 P.2d at 331–33. Items requiring factfinding outside the direct appeal record do not include items trial counsel had the ability to discover. *Id.* This Court is prohibited from considering Petitioner's ineffective assistance of trial counsel claims if the facts supporting those claims were available to Petitioner's direct appeal counsel, and either *were* or *could have been* used in his direct appeal. 22 O.S.Supp.1995, § 1089(D)(4)(b)(1).

 Petitioner admits he raised the issue of juror confusion on direct appeal but somehow reaches the conclusion that the introduction of "newly discovered evidence" makes this claim different from the one submitted on direct appeal. There is nothing indicating this claim of ineffective assistance is based on facts which were not available to Petitioner's direct appeal attorney. This claim is not properly raised in this post-conviction application, and we will not consider it. As noted above, jurors were available for interview at the time of direct appeal, as was the trial court record which contained all of trial counsel's objections. Petitioner's claim of ineffective assistance of trial counsel is not properly raised in this post-conviction appeal and we will not consider it. This proposition of error is denied.[3]

Finally, Petitioner claims that ineffective assistance of *appellate* counsel entitles him to relief. He argues that while it was error for trial counsel to fail to object to the trial court's refusal to answer the jury question, it

---

3. Moreover, Petitioner's claim of ineffective assistance, if not barred by the provisions of 22 O.S.Supp.1995, § 1089(D)(4)(b)(1), is also procedurally barred by *res judicata* in that the same argument was presented in Petitioner's direct appeal. *Smallwood v. State*, 907 P.2d 217, 238 (Okl.Cr.1995); *Hooks v. State*, 902 P.2d 1120, 1122 n. 9 (Okl.Cr.1995), *cert.denied,* —— U.S.

——, 116 S.Ct. 1440, 134 L.Ed.2d 561 (1996); *Moore v. State*, 889 P.2d 1253, 1258 n. 14 (Okl. Cr.), *cert.denied,* —— U.S. ——, 116 S.Ct. 215, 133 L.Ed.2d 146 (1995); *Green v. State*, 881 P.2d 751, 754(Okl.Cr.1994); *Berget v. State*, 907 P.2d 1078, 1081 (Okl.Cr.1995), *cert.denied,* —— U.S. ——, 116 S.Ct. 2505, 135 L.Ed.2d 195 (1996).

was error for appellate counsel to fail to raise the issue on direct appeal.

■ Petitioner has the burden of establishing that his alleged claim "could not have been previously raised" and thus is not procedurally barred. To do so, Petitioner's claim must be

> a *claim* contained in an original timely application for post-conviction relief *relating* to ineffective assistance of appellate counsel and the Court of Criminal Appeals first finds that if the *allegations* in the application [of ineffectiveness] were true, the performance of appellate counsel constitutes the denial of reasonably competent assistance of appellate counsel under prevailing professional norms . . . .

22 O.S.Supp.1995, § 1089(D)(4)(b)(2) (emphasis added). In the event this Court determines that appellate counsel was ineffective, we may then consider the allegedly mishandled claim during the post-conviction proceeding or, if appropriate, during the direct appeal. *Id.* At this point, Petitioner will have established that the claim could not have been previously raised and will have met the first prerequisite to capital post-conviction review under Section 1089(C)(1). *Walker,* 933 P.2d at 333–35.

■ Pursuant to these guidelines, the initial inquiry is whether appellate counsel actually committed the act which gave rise to the ineffective assistance claim. Having established this, the next question is whether such performance was deficient under the first prong of the two-pronged *Strickland*[4] test. At this point, we do not apply the prejudice portion of *Strickland.* It is Petitioner's burden to set forth sufficient facts and law which allow this Court to fully assess appellate counsel's allegedly deficient performance. *Walker,* 933 P.2d at 333–35. Upon meeting this burden, sufficient to prove deficient attorney performance, this Court may then consider the substantive claim presented for review. At that point, the question then becomes whether such a claim meets the second prerequisite to capital post-conviction review, namely that the claim supports a conclusion that either the outcome of the trial would have been different but for the error(s) or that the defendant is factually innocent. 22 O.S.Supp.1995, § 1089(C)(2).

■ Petitioner claims that appellate counsel failed to raise meritorious issues of ineffective assistance of trial counsel, specifically that trial counsel failed to object to the trial court's refusal to answer a question submitted by the jury. In fact this exact claim was presented on direct appeal. Petitioner has not met the burden of proving that the alleged improper conduct (in this case an alleged omission) took place and therefore has not met the threshold which would require further inquiry from this Court. Petitioner's claim is procedurally barred and we will not address it on the merits. Relief based on Proposition I is denied.

■ At Proposition II, Petitioner alleges that he was convicted and sentenced by an unqualified juror. Petitioner's claim is based on his allegation that one of his trial jurors was not a resident of Oklahoma County. Once again, Petitioner fails to meet the threshold test which makes this claim proper for post-conviction review. There is nothing in the record indicating this information was not and could not have been presented at the time of Petitioner's direct appeal. This claim is not properly before this Court as it is a claim that could have been raised in Petitioner's direct appeal but was not. 22 O.S.Supp. 1995, § 1089(C)(1). Petitioner's claim is procedurally barred. Proposition II is denied.

■ Petitioner claims as his third proposition of error that Oklahoma's amended Post–Conviction Procedure Act, on its face and as applied, is unconstitutional in that it denies him due process, denies him adequate and equal access to the courts and violates, among other provisions, the Ex Post–Facto Clause of the Oklahoma Constitution. We recently considered and rejected this same argument in *Hatch v. State,* 924 P.2d 284, 289–90 (Okl.Cr.1996); *Walker,* 933 P.2d at 330–31. Petitioner's third proposition of error is denied.

■ At Proposition IV, Petitioner alleges he was deprived of effective assistance of

---

**4.** *Strickland v. Washington,* 466 U.S. 668, 677– 78, 104 S.Ct. 2052, 2059, 80 L.Ed.2d 674 (1984).

both trial and appellate counsel, and post-conviction counsel. Attached to Petitioner's application is a handwritten document titled "Supplemental Statement By Dion Athanasius Smallwood to be added to Post–Conviction Brief." Petitioner has signed the statement and submitted it, against the advice of counsel, claiming he was denied, and is still being denied, effective counsel at the trial, direct appeal and post-conviction levels. Post-conviction counsel requests this Court suspend the application and enforcement of its rules to consider Petitioner's hand-written, pro se statement and request for relief. We refuse. Should Petitioner desire to terminate the services of post-conviction counsel, and submit a second application for post-conviction relief, pursuant to the codified rules, regulations and statute governing post-conviction relief, he is invited to do so. However, this Court will not suspend application and/or enforcement of its rules for post-conviction relief. 22 O.S.Supp.1995, § 1089; 22 O.S.Supp.1996, Ch.18, App., *Rules of the Court of Criminal Appeals,* Rules 9.7, 3.4E, and 1.16.

In conjunction with his application for post-conviction relief, Petitioner requests an extension of time to amend his post-conviction application, discovery and an evidentiary hearing. The request for extension of time is linked to Petitioner's request for discovery, claiming he must be given time to amend so he can add those issues he finds by conducting discovery. As such, we will address the request for discovery first.

■ Petitioner's request for discovery is denied. Compulsory discovery is not required in post-conviction proceedings. *Pickens v. State,* 910 P.2d 1063, 1071 (Okl.Cr. 1996); *Woodruff v. State,* 910 P.2d 348, 351 (Okl.Cr.1996); *Hooks v. State,* 902 P.2d 1120, 1125 (Okl.Cr.1995), *cert.denied,* — U.S. ——, 116 S.Ct. 1440, 134 L.Ed.2d. 561 (1996). Petitioner does not explain to this Court why he is requesting discovery, specifying no particular document, data or other information which he hopes to acquire, nor why such information is necessary to facilitate post-conviction review of his claim. Accordingly Petitioner's request for discovery is denied.

■ Petitioner also requests an evidentiary hearing. The new capital post-conviction statute does not specifically address motions for evidentiary hearings. 22 O.S.Supp. 1995, § 1089(D)(3). However, pursuant to the statute, it is this Court's responsibility to assess the propositions raised and determine whether controverted, previously unresolved factual issues material to the legality of the applicant's confinement exist. If such a controversy exists, this Court is free to issue an order, such as the one requested by Petitioner, to facilitate post-conviction review. *Walker,* 933 P.2d at 339–41; 22 O.S.Supp. 1995, § 1089(D)(4)(a)(1).

■ In reviewing Petitioner's claims, we do not find any material issues of fact which would warrant an evidentiary hearing. Petitioner's motion is based solely on the claims presented in his propositions of error and does not present for this Court any evidence that such a hearing would "facilitate post-conviction review" in his case. Petitioner's motion for an evidentiary hearing is therefore denied.

■ Finally, Petitioner requests an extension of time in which he would be allowed to amend his post-conviction application to include any issues discovered after his filing time has expired. This we refuse to do. Pursuant to 22 O.S.Supp.1995, § 1089(D)(2), no application may be amended after the time specified in the statute. Such an amendment will be considered a subsequent application. Petitioner's request for extension of time is denied.

After carefully reviewing Petitioner's applications for post-conviction relief, discovery, an evidentiary hearing and request for extension of time, we conclude (1) that there exist no controverted, previously unresolved factual issues material to the legality of Petitioner's confinement, (2) that Petitioner could have previously raised his collaterally asserted grounds for review, and (3) that the current post-conviction statutes warrant no relief. 22 O.S.Supp.1995, § 1089(D)(4)(a)(1), (2) & (3). Accordingly, Petitioner's Application for Post–Conviction Relief, Request for Extension of Time, Application for Discovery and Request for an Evidentiary Hearing are **DENIED.**

CHAPEL, P.J., and STRUBHAR, V.P.J., concur.

LUMPKIN and JOHNSON, JJ., concur in result.

LUMPKIN, Judge, concurring in result.

I agree that Petitioner's convictions should be affirmed. I write separately to address concerns I have regarding the syntax utilized in the Court's opinion.

## I.

On page three of the opinion is the following language: "As noted above, jurors were available for interview at the time of direct appeal, as was the trial court record which contained all of trial counsel's objections." I write separately on this point to correct any misinterpretation as to the meaning of this sentence. Taken at face value, this language would seem to imply that, if counsel had in fact interviewed jurors about their deliberative processes on direct appeal, this Court would have considered the proposition. This is simply not true. This Court has since statehood adhered to the general rule that a defendant cannot impeach a jury's finding with testimony (evidence) of what transpired in the jury room. Indeed, the Supreme Court of the United States has spoken on the very same subject. In *McDonald v. Pless*, 238 U.S. 264, 35 S.Ct. 783, 59 L.Ed. 1300 (1915), the Court explained why impeachment of a jury's verdict after the fact by a member of the panel is improper:

> [A]ll verdicts could be, and many would be, followed by an inquiry in the hope of discovering something which might invalidate the finding. Jurors would be harassed and beset by the defeated party in an effort to secure from them evidence of facts which might establish misconduct sufficient to set aside a verdict. If evidence thus secured could be thus used, the result would be to make what was intended to be a private deliberation, the constant subject of public investigation; to the destruction of all frankness and freedom of discussion and conference.

*Id.* at 267, 35 S.Ct. at 784. *See also Tanner v. United States*, 483 U.S. 107, 122, 107 S.Ct. 2739, 2748–49, 97 L.Ed.2d 90 (1987) (quoting Congressional comments, court notes that "[s]trong policy considerations continue to support the rule that jurors should not be permitted to testify about what occurred during the course of their deliberations"). This Court has adhered to the same philosophy. *Hall v. State*, 762 P.2d 264, 266–67 (Okl.Cr. 1988); *Lee v. State*, 738 P.2d 173, 176–77 (Okl.Cr.1987); *Weatherly v. State*, 733 P.2d 1331, 1335 (Okl.Cr.1987); *DeRonde v. State*, 715 P.2d 84, 86–87 (Okl.Cr.1986); *Wacoche v. State*, 644 P.2d 568, 572–73 (Okl.Cr.1982); *West v. State*, 617 P.2d 1362, 1370 (Okl.Cr. 1980); *Killough v. State*, 94 Okl.Cr. 131, 135–36, 231 P.2d 381, 387–88 (1951); *Ex parte Lewis*, 92 Okl.Cr. 334, 336, 223 P.2d 143, 143–44 (1950); *Martin v. State*, 92 Okl.Cr. 182, 218, 222 P.2d 534, 552 (1950); *Williams v. State*, 92 Okl.Cr. 70, 78–80, 220 P.2d 836, 841–42 (1950); *Harrell v. State*, 85 Okl.Cr. 293, 296, 187 P.2d 676, 677 (1947). And lest we forget, such impeachment is also prohibited by statute. 12 O.S.1991, § 2606(B).

I mention this because this appears to be a recurring argument among capital post-conviction petitioners. It is hoped that by mentioning it here, petitioners will adhere to the established holdings by this Court and the United States Supreme Court, together with enacted statutory imperatives.

## II.

In footnote 3 (op. p. 115), the opinion makes the following statement: "Moreover, Petitioner's claim of ineffective assistance if not barred by the provisions of 22 O.S.Supp. 1995, § 1089(D)(4)(b)(1), is also procedurally barred by *res judicata* in that the same argument was presented in Petitioner's direct appeal.[citations]." I interpret that as stating that it is the *argument* which is res judicata, and not the *contents* of the argument. If the argument made on direct appeal fits a general category (e.g., ineffective trial counsel), that general category cannot be raised on post-conviction, even though the basis is different. *See Hooks v. State*, 902 P.2d 1120, 1122 (Okl.Cr.1995).

## III.

Concerning the claim of ineffective appellate counsel: I note that the opinion disposes

of the argument based on the first of the three prongs enunciated in *Walker v. State,* 933 P.2d 327, 333–35 (Okl.Cr.1997), i.e., that Petitioner has failed to prove appellate counsel committed the conduct which gives rise to the allegation. I realize that even though I disagree with the procedure, *See Walker,* 933 P.2d at 341–44 (Lumpkin, J., Concurring in Result), I am now bound by *stare decisis* on this three-pronged test. I mention this here only to point out that, even under the traditional *Strickland* test, any petitioner would have to make a threshold showing that counsel actually committed (or failed to commit) the act complained of on appeal. Therefore, whichever test this Court would chose to use, the result here would be the same, and this Court need not address either the second or third prong of the test enunciated in *Walker.* As a result, this Court has yet to reach the third *Walker* prong.

### IV.

The Court correctly denies the request for an evidentiary hearing here, but does not cite the correct rule in arriving at its decision. As we have made clear by recent modifications, Rule 9.7 governs such requests. Here, Petitioner failed to meet the threshold showing, and has failed to show by clear and convincing evidence that such a hearing was necessary.

### V.

The Court does not consider Petitioner's claim of ineffective trial counsel dealing with the first proposition of error, noting that the claim was raised "as an aside." To ensure a clear understanding of this ruling based on the record, the opinion should read: the claim technically and legally was not raised at all, as it was not included in the Application for Post–Conviction Relief.[5] Any claim that is raised in the brief in support of the Application which is not raised in the Application itself is not properly before this Court.

*See Rogers v. State,* 934 P.2d 1093, 1098, (Okl.Cr.1997).

---

5. The closest thing to an allegation of ineffective counsel appears in the explanation as to why the claim could not or was not raised before. It reads: "Both the trial and appeal lawyer were in the same office and the post-conviction appeal lawyer declined to raise a general (but see Proposition I) ineffective assistance of counsel claim based on the information in Mr. Smallwood's statement." I do not know what this means, but am fairly certain it does not raise the claim of ineffective appellate counsel.