Marcus L. CARGLE, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. PC–96–1584.

Court of Criminal Appeals of Oklahoma.

Oct. 17, 1997.

Jeremy B. Lowrey, Terri Lynn Marroquin, Capital Post Conviction Division, Oklahoma Indigent Defense System, Norman, Appellate Counsel, for Petitioner.

No response necessary.

### ORDER GRANTING REQUEST TO APPEAR PRO HAC VICE OPINION DENYING APPLICATION FOR POST-CONVICTION RELIEF, EVIDENTIARY HEARING AND DISCOVERY

LUMPKIN, Judge.

Petitioner Marcus L. Cargle was convicted in the District Court of Oklahoma County in Case No. CF–93–6982 of Counts I and II, Murder in the First Degree (21 O.S.1991, § 701.7(A)); and Count III, Possession of a Firearm After Former Conviction of a Felony (21 O.S.Supp.1992, § 1283). For the weapons charge he received a sentence of ten (10) years. On Count II, the jury found the presence of five aggravating circumstances. On Count I, the jury found four aggravating circumstances. After striking one aggravating circumstance in Count II, we affirmed. *Cargle v. State*, 909 P.2d 806 (Okl.Cr.1995). His petition for a writ of certiorari to the United States Supreme Court was denied. *Cargle v. Oklahoma*, —— U.S. ——, 117 S.Ct. 100, 136 L.Ed.2d 54 (1996). Petitioner filed his Original Application for Post–Conviction Relief in this Court on December 27, 1996, in accordance with 22 O.S.Supp.1995, § 1089.

### I.

Before we address the post-conviction application itself, we must address a motion before the Court. Filed along with the Application was a Motion to Permit Entry of Appearance of Terri Lynn Marroquin Pro Hac Vice. Although it may now be moot,[1] that motion was properly filed and is now GRANTED. *Rules Creating and Controlling the Oklahoma Bar Association*, 5 O.S. 1991, Ch.1, App. 1, Art. 2, § 5.

### II.

 Turning to the Application itself, we must again consider the narrow scope of review available under the amended Post–Conviction Procedure Act. As we have said numerous times,

the Post–Conviction Procedure Act was neither designed nor intended to provide applicants another direct appeal. *Walker v. State*, 933 P.2d 327, 330 (Okl.Cr.1997) (interpreting Act as amended); *Fox v. State*, 880 P.2d 383, 384 (Okl.Cr.1994), *cert. denied*, 514 U.S. 1005, 115 S.Ct. 1318, 131 L.Ed.2d 199 (1995) (same conclusion under Act before amendments). The Act has always provided petitioners with very limited grounds upon which to base a collateral attack on their judgments. Accordingly, claims which could have been raised in previous appeals but were not are generally waived; and claims raised on direct appeal are *res judicata*. *Thomas v. State*, 888 P.2d 522, 525 (Okl.Cr.1994), *cert. denied*, —— U.S. ——, 116 S.Ct. 123, 133 L.Ed.2d 73 (1995); *Castro v. State*, 814 P.2d 158, 159 (Okl.Cr.1991), *cert. denied*, 502 U.S. 1063, 112 S.Ct. 947, 117 L.Ed.2d 116 (1992).

*Conover v. State*, 942 P.2d 229, (Okl.Cr.1997). These procedural bars still apply under the amended Act. The new Act makes it even more difficult for capital post-conviction applicants to avoid procedural bars. *Walker*, 933 P.2d at 331. Under the revised Act, only claims which "[w]ere not and could not have been raised" on direct appeal will be considered. 22 O.S.Supp.1995, § 1089(C)(1). A

---

1. The Application and accompanying motion were filed December 27, 1996, but were overlooked by this Court until work began on the Application itself. In her motion, counsel stated she was licensed in the State of Texas, and would take the Oklahoma Bar examination in February 1997. Counsel passed that examination, was admitted to the Bar in April 1997, and is now a duly licensed attorney in the State of Oklahoma.

capital post-conviction claim could not have been raised on direct appeal if (1) it is an ineffective assistance of trial or appellate counsel claim which meets the statute's definition of ineffective counsel under the Act; or (2) the legal basis of the claim was not recognized or could not have been reasonably formulated from a decision of the United States Supreme Court, a federal appellate court or an appellate court of this State, or is a new rule of constitutional law given retroactive effect by the United States Supreme Court or an appellate court of this State. 22 O.S.Supp.1995, §§ 1089(D)(4)(b), 1089(D)(9). Should a Petitioner meet this burden, this Court shall consider the claim only if it "[s]upport[s] a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent." *Walker*, 933 P.2d at 331. As we said in *Walker*,

> The amendments to the capital post-conviction review statute reflect the legislature's intent to honor and preserve the legal principle of finality of judgment, and we will narrowly construe these amendments to effectuate that intent. Given the newly refined and limited review afforded capital post-conviction applicants, we must also emphasize the importance of the direct appeal as the mechanism for raising all potentially meritorious claims. Because the direct appeal provides appellants their only opportunity to have this Court fully review *all* claims of error which might arguably warrant relief, we urge them to raise all such claims at that juncture.

*Walker*, 933 P.2d at 331 (footnote omitted, emphasis in original). With that dictate in mind, we now turn to Petitioner's claims.

### III.

■ For his first proposition, Petitioner claims the trial court failed to properly instruct as to both the acts and *mens rea* of the crimes. This claim could have been raised on direct appeal, and is thereby waived. 22 O.S.Supp.1995, § 1089(C).

Petitioner acknowledges this could have been raised on direct appeal, and argues in the alternative either trial counsel was ineffective for failing to raise this during trial, or appellate counsel was ineffective for failing to raise it in the direct appeal.

■ Concerning ineffective trial counsel, we find we cannot address the issue. Appellant raised the issue of ineffective trial counsel in his direct appeal. *Cargle*, 909 P.2d at 832–33. Accordingly, it is *res judicata*. 22 O.S.Supp.1995, § 1089(C)(1). *See also Smallwood v. State*, 937 P.2d 111, 115 n. 3 (Okl.Cr.1997); *id.* at 119 (Lumpkin, J., concurring in result).

■ Additionally, even if the content of the argument here is different than it was on direct appeal, we still cannot address it. As we said in *Walker*, "an ineffective assistance of trial counsel claim could not have been raised on direct appeal if it requires 'fact-finding outside the direct appeal record.'" *Id.* 933 P.2d at 332 (quoting 22 O.S.Supp. 1995, § 1089(D)(4)(b)(1)). "Stated in prohibitive terms, this Court may not review [Petitioner's] post-conviction claims of ineffective assistance of trial counsel if the facts generating those claims were available to [Petitioner's] direct appeal attorney and thus either *were* or *could have been* used in his direct appeal." *Id.* We made it clear that the mere absence of these claims from the direct appeal record was not sufficient: the claim would still be waived if "the facts contained in them were available to his direct appeal attorney and thus could have been argued on direct appeal." *Id.* Clearly here, the instructions were part of the direct appeal record. Accordingly, this complaint is also waived.

■ Petitioner next claims appellate counsel was ineffective for failing to raise this issue in his direct appeal. In *Walker*, we set forth a three-prong test to review claims of ineffective appellate counsel.[2] Under this analysis, (1) the threshold inquiry is whether appellate counsel actually committed the act

---

2. I continue to maintain that the *Strickland* test in its entirety, i.e., both prongs of the test, is the appropriate vehicle with which to review claims of ineffective assistance of appellate counsel. *See* *Walker*, 933 P.2d at 341–44 (Lumpkin, J., Concurring in Result). However, I yield to the majority here based on *stare decisis*.

which gave rise to the ineffective assistance allegation. If a petitioner establishes appellate counsel actually did the thing supporting the allegation of ineffectiveness, this Court then (2) determines whether the performance was deficient under the first of the two-pronged test in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). If this burden is met, (3) this Court then considers the mishandled substantive claim, asking whether the deficient performance supports a conclusion "either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent." *Walker,* 933 P.2d at 333 n. 25 (quoting 22 O.S.Supp.1995, § 1089(C)(2)).

Here, it appears direct appeal counsel did in fact make an argument of ineffective trial counsel. Accordingly, Petitioner cannot pass the first threshold, as he cannot prove that direct appeal counsel failed to commit the act complained of, i.e., make an ineffective trial counsel argument. Accordingly, he cannot prove appellate counsel was ineffective.

■ Even assuming he did fail to commit the action now complained of, he has made no effort to show appellate counsel breached a duty owed to him, or that appellate counsel's judgment was "unreasonable under the circumstances or did not fall within the wide range of professional assistance" owed to a client by an attorney. *Walker,* 933 P.2d at 337. Furthermore, Petitioner fails to show any external impediment which precluded counsel from raising the issue. *Conover,* 942 P.2d at 233. This assignment of error is *res judicata* and waived.

In his second claim, Petitioner contends trial counsel was ineffective. He contends his attorney failed either to investigate or prepare for trial and was obviously unprepared for trial; failed to present evidence that would have called into question the truthfulness of key prosecution witnesses; failed to challenge police misrepresentation of the facts; failed to present evidence showing Petitioner was physically unable to commit the crimes; and failed to investigate or present mitigating evidence. He claims a "significant" portion of this evidence relies on evidence outside the direct appeal record.

■ We disagree. The question is not whether the evidence was outside the direct appeal record, but whether "the facts generating those claims were available to [Petitioner's] direct appeal counsel and thus either *were* or *could have been* used in his direct appeal." *Conover,* 942 P.2d at 232 (quoting *Walker,* 933 P.2d at 332). Facts which were not in the direct appeal record here could have been discovered by direct appeal counsel.

Not surprisingly, Petitioner also argues that if we deem this proposition waived, he had ineffective appellate counsel. Again, Petitioner simply makes a bald statement that appellate counsel was ineffective, without making any effort to show why. Accordingly, he has failed to meet his burden of showing that appellate counsel breached a duty owed to him, *Walker,* 933 P.2d at 337, and wholly fails to show any external impediment which precluded counsel from raising the issue. *Conover,* 942 P.2d at 233. This proposition is waived.

■ The same rationale applies to Petitioner's third proposition of error, prosecutorial misconduct. Petitioner claims the district attorney, who had a history of animosity to his trial counsel, attacked both his counsel and himself. He also claims the prosecutor implied to the jury he knew facts they did not; vouched for certain witnesses' credibility; and injected victim sympathy into the first stage of the trial.

Petitioner claims this could not have been raised on direct appeal, but does not state why. All these facts were in the direct appeal record, and is thereby waived as it could have been raised on direct appeal. 22 O.S.Supp.1995, § 1089(C)(1). We also do not find appellate counsel was ineffective, as Petitioner has wholly failed to support this allegation with facts showing appellate counsel breached a duty to Petitioner, or suffered an external impediment which prevented her from raising the issue. *Walker,* 933 P.2d at 336; *Conover,* 942 P.2d at 233. This issue is waived.

■ In Petitioner's fourth proposition, he claims the prosecution failed to provide him

with exculpatory evidence. He claims police did not turn over statements made by Christopher Todd Jackson, who testified against Appellant at trial, which Jackson made before giving a videotaped statement. Petitioner has failed to prove that direct appeal counsel could not have discovered this evidence and raised this issue on direct appeal. Accordingly, this portion of the proposition is waived. *See Brown v. State*, 933 P.2d 316, 324 (Okl.Cr.1997) (applying same logic to 22 O.S.1991, § 1089).

Petitioner also claims the prosecution suppressed the identity of a police informant. He contends he learned of the informant when he testified at co-defendant Christopher Williams' separate trial, where the informant testified Williams committed both murders. Petitioner implies one of the assistant district attorneys may have suborned perjury in that trial by trying to persuade the informant to testify Williams committed both murders. This is a serious allegation, which goes against the presumption of regularity at trial. However, Petitioner has provided nothing to rebut this presumption. *See Hatch v. State*, 924 P.2d 284, 295–96 (Okl.Cr. 1996). His application and the motion for evidentiary hearing contain nothing more than speculation that some evidence may be found, rather than providing facts which meet the threshold showing required to remand for an evidentiary hearing. Accordingly, we shall not review the allegation.

Petitioner also claims trial counsel was ineffective to the extent he knew some evidence was available but did not utilize it. The rationale set forth above which is used in discussing ineffective trial counsel also applies here: the issue is both *res judicata*, *Smallwood*, 937 P.2d at 115 n. 3; *id.* at 119 (Lumpkin, J., concurring in result), as well as waived. *Walker*, 933 P.2d at 332. Concerning his parenthetical assertion appellate counsel was also ineffective, this, too, is without merit, as he has failed to show counsel breached any duty owed to him, *Walker*, 933 P.2d at 337, or that there was an external impediment which prevented appellate counsel from raising the issue. *Conover*, 942 P.2d at 233. This proposition is waived.

For his fifth claim, Petitioner alleges juror misconduct during voir dire. He claims one of the jurors, Juror Cherry, lied during voir dire. According to Petitioner, the juror said during voir dire he could consider a penalty other than death; however, he claims in a subsequent interview with an investigator, the former juror stated he thought death was the only appropriate punishment for murder.

■ This proposition is waived, as there is no evidence to suggest that the juror who was interviewed for this proceeding was unwilling or unavailable to provide these same interviews at the time of the direct appeal. Therefore, there is nothing indicating this claim required fact-finding outside of the record, and the claim is not properly raised in this post-conviction appeal. *Smallwood*, 937 P.2d at 115; *Robinson v. State*, 937 P.2d 101, 106 (Okl.Cr.1997).

Not surprisingly, Petitioner claims in the alternative that if this Court concludes the issue could have been raised on direct appeal, appellate counsel was ineffective for failing to do so. Again, Petitioner has made no effort to show appellate counsel breached a duty owed to him, or that appellate counsel's judgment was "unreasonable under the circumstances or did not fall within the wide range of professional assistance" owed to a client by an attorney. *Walker*, 933 P.2d at 337. Furthermore, Petitioner fails to show any external impediment which precluded counsel from raising the issue. *Conover*, 942 P.2d at 233.

For his last proposition, Petitioner claims the cumulative effect of errors in his case mandates reversal. He claims this proposition could not have been raised before, as it is dependent on the other propositions in his application. We have determined all his complaints on post-conviction are either *res judicata* or are waived. As these procedural bars prohibited us from examining the issues, let alone find error in them, this proposition is without merit. *Mitchell v. State*, 934 P.2d 346, 351 (Okl.Cr.1997) *cert. denied,* —— U.S. ——, 117 S.Ct. 2489, 138 L.Ed.2d 996 (1997); *Hooker v. State*, 934 P.2d 352, 356 (Okl.Cr. 1997).

## IV.

Petitioner has also filed a motion for discovery in his case. As we have noted before, discovery is not required in post-conviction proceedings. *Mitchell,* 934 P.2d at 351. Petitioner, although alleging the prosecution withheld exculpatory evidence, has failed to comply with our Rule 9.7 which requires affidavits to rebut the presumption of regularity at trial and the presumption that prosecutors, as officers of the court, would adhere to their constitutional duty and turn over exculpatory evidence. Accordingly, discovery is denied. Rule 9.7(D)(3), *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1996, Ch.18, App.; *Hatch,* 924 P.2d at 295. Petitioner has not shown that possession of the State's case file is necessary to present any specific issue on post-conviction, nor has he shown this material would result in a different outcome. *Mitchell,* 934 P.2d at 351. This Court is not authorized to order discovery on issues it is precluded from considering. *Wallace v. State,* 935 P.2d 366, 377 (Okl.Cr.1997), *cert. denied,* — U.S. —, 117 S.Ct. 2489, 138 L.Ed.2d 996 (1997). The same is true of Petitioner's request for an evidentiary hearing. *Wallace,* 935 P.2d at 377.

Petitioner also requests leave of this Court to amend his application for post-conviction relief. Aside from the fact the revised post-conviction statute specifically prohibits such an action, 22 O.S.Supp.1995, § 1089(D)(2), Petitioner has not attempted to do so, and the request is not properly before us. *Wallace,* 935 P.2d at 377.

## V.

Accordingly, Petitioner's Application for Post–Conviction Relief is **DENIED.** For the reasons given above, Petitioner's requests for discovery and evidentiary hearing are **DENIED.** Petitioner's request for leave to amend his Application is not properly before us, and is also **DENIED.**

STRUBHAR, V.P.J., and JOHNSON, J., concur.

CHAPEL, P.J., specially concurs.

LANE, J., concurs in results.

CHAPEL, Presiding Judge, specially concurring:

I agree Cargle's application for post-conviction relief should be denied. In analyzing Cargle's claims of ineffective assistance of appellate counsel, the majority states Cargle fails to show any "external impediment" to the issues in addition to properly analyzing Cargle's claims under *Walker v. State.*[1] Failure to raise an "external impediment" is not part of the test for post-conviction relief under the revised capital post-conviction statutes, and this Court has refused to approve that additional requirement.[2] I also note the opinion's misleading language regarding presumptions governing motions for discovery under Rule 9.7.[3] Rule 9.7 requires affidavits to rebut the presumption of regularity at trial. However, the Rule itself does not contain any presumption that prosecutors will adhere to their duty as officers of the court and turn over exculpatory evidence. I believe the opinion intends to cite Rule 9.7 for the former presumption but not the latter.

LANE, Judge, concurring in results:

I concur in results by reason of *stare decisis* on the issue of what can be raised on post-conviction relief. I maintain my position that if the material is not in the original record it can be raised on post-conviction by authority of 22 O.S.Supp.1995, § 1089 that I expressed in my special vote in *Conover v. State,* 942 P.2d 229 (Okl.Cr.1997).

1. *Walker v. State,* 933 P.2d 327 (Okl.Cr.), *cert denied,* — U.S. —, 117 S.Ct. 2524, 138 L.Ed.2d 1024 (1997)

2. *Braun v. State,* 937 P.2d 505, 516 (Okl.Cr.1997) (Chapel, P.J., concurring in result).

3. Rule 9.7(D)(3), 22 O.S.Supp.1996, Ch.18, App., *Rules of the Court of Criminal Appeals.*